UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | |
|---|---|
| GRETA S. WATERMAN, DOUGLAS WATERMAN, and WARREN WATERMAN, <br><br>Plaintiffs, <br><br>v. <br><br>OLIVER, MANER, & GRAY, LLP, And MARVIN FENTRESS, ESQ. DETENTION CENTER, <br><br>Defendants. | Case No. CV411-129 |

## ORDER

The Court **DENIES** attorney Tony Center's "Request For Special Appearance of Counsel For Deposition Only." Doc. 22. A deposition is a court proceeding. *State Farm Mut. Auto. Ins. Co. v. Lincow*, 715 F. Supp. 2d 617, 642 (E.D. Pa. 2010). Any attorney's attempt to influence the course of litigation before this Court subjects that attorney to the Court's supervisory authority, and Local Rule LR 83.6 ("Appearance by an Attorney"), makes clear that "(b) An attorney representing a witness in

any civil action . . . shall file a notice of appearance with the consent of the client endorsed thereon. . . .").[1]

During a telephone conference with the Court initiated by counsel for the defendants and Mr. Center, counsel explained that Mr. Center had insisted on being present during the ongoing deposition of the plaintiffs. Mr. Center conceded that although he had made no comments during that deposition, he was present in his capacity as attorney. His presence at the deposition constitutes an "appearance" by counsel in this case. Mr. Center, therefore, has a duty to file a formal notice of his appearance with the Clerk of Court.

**SO ORDERED** this 14th day of December, 2011.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] Representing someone at a deposition, where judicial assistance (compelling answers, protective orders, etc.) is always an option, amounts to sufficient participation to constitute an appearance before this Court. *Cf. Pumphrey v. K.W. Thompson Tool Co.*, 62 F.3d 1128, 1130-31 (9th Cir. 1995) (in context of motion to set aside judgment in products liability action for fraud on the court in presentation of videotaped product tests, individual who was vice president and general counsel of defendant was "officer of the court" in litigation; although individual did not enter appearance, was not admitted pro hac vice, and did not sign any documents filed with court, he attended trial on defendant's behalf, gathered information in response to discovery requests, and participated in videotaping); *E.F. Hutton & Co. v. Brown*, 305 F.Supp. 371, 381-82 (S.D. Tex. 1969) (holding that nonresident attorney's assistance to Houston attorney and Houston client was sufficient to establish jurisdiction over nonresident attorney for disciplinary purposes, even though no formal appearance was entered).